**UNITED STATES ex rel. SHEEHAN v. LAWES, Warden of Sing Sing Prison of New York.**

District Court, S. D. New York.
April 21, 1941.

John Sheehan, of Ossining, N. Y., pro se.

John J. Bennett, Jr., Atty. Gen. of New York, and Samuel Foley, Dist. Atty. of Bronx County, N. Y., of New York City, for United States.

HULBERT, District Judge.

The relator, since August 8, 1939, has been an inmate of Sing Sing Prison pursuant to an order of commitment made by the County Court of Bronx County, New York, after a conviction of the violation of the Penal Laws of the State of New York, § 1 et seq., Consol.Laws, c. 40. He sued out a writ of habeas corpus in this court which, after hearing, was dismissed, and from the order thereon entered he has appealed to the Circuit Court of Appeals (Second Circuit).

The case comes before me on a motion to settle the record on appeal. Notice thereof was given to the Attorney General of the State of New York and to the District Attorney of Bronx County.

Objection is made by the District Attorney that no notice was given to him of Relator's designated portions of the record to be contained in the record on appeal.

Because of his incarceration the Relator was not present or represented on this motion, but I understand his contention to be that while he gave the required notice to the Attorney General it was unnecessary for him to give such notice to the District Attorney.

Rule 73, subdivision (g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal: except that, when more than one appeal is taken from the same judgment to the same appellate court, the district court may prescribe the time for filing and docketing, which in no event shall be less than 40 days from the date of the first notice of appeal. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of the first notice of appeal."

The District Attorney of Bronx County, who prosecuted the case in the said court, was brought into this proceeding by service upon him of the writ and a copy of Relator's application therefor, and was served with a supplemental affidavit and brief of Relator.

The District Attorney filed an answer and appeared and argued in opposition upon return of the writ which was dismissed by an order dated Jan. 15, 1941. The notice of appeal was filed on Jan. 23, 1941 and a copy thereof was mailed to the District Attorney by the Clerk of this Court.

Subsequently, the Relator made a motion in the Circuit Court of Appeals to be relieved of the printing of the record on appeal and in the submission of a statement of the points to be relied on by him, said: "That the District Attorney of Bronx County, New York, is neither a necessary nor a proper party to these proceedings in the United States Courts, since the Civil Practice Act of the State of New York is not binding upon the Courts of the United States, * * *. Relator appellant respectfully submits that Judge Coxe erred in permitting the said District Attorney of Bronx County to appear in these proceedings."

It is evident from the foregoing quotation that the Relator determined for himself that it was unnecessary to give any notice to the District Attorney of Bronx County in accordance with Rule 75, Federal Rules of Civil Procedure, which reads: "(a) Promptly after an appeal to a circuit court of appeals is taken, the appellant shall serve upon the appellee and file with the district court a designation of the por-

tions of the record, proceedings, and evidence to be contained in the record on appeal."

The order of Judge Coxe has full force and effect until it has been held otherwise by a court of competent jurisdiction and, since the order of Judge Coxe recites: "and after hearing John Sheehan, relator, pro se, and Sol Boneparth, Assistant District Attorney of the County of Bronx, and John J. Bennett, Jr., Attorney General of the State of New York, by Francis J. Cronin, Assistant Attorney General, for the respondent, having appeared in opposition to the application for the writ and having duly filed their returns to said writ" the District Attorney of Bronx County is an appellee within the meaning of Rule 75 and entitled to such notice.

While Rule 75(g) authorizes the District Judge to extend the time to docket the record on appeal to a day not more than 90 days from the date of the first notice on appeal, such order for extension must be made within the original 40 days from the date of the filing of the notice of appeal.

It may be noted in passing, that the Circuit Court of Appeals in denying the Relator's motion to dispense with the printing, said: "Motion denied on ground that appeal appears to be without merit because the relator has not exhausted the remedies afforded by state law."

Consequently, in refusing to settle the case, it still leaves the Relator to whatever remedy he may have in the courts of the State of New York. Submit order.