376 F.2d 360
 RICHLAND KNOX MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
David KALLEN, Sondra Litwin and American Policyholders Insurance Company, Defendants-Appellees.
Sondra LITWIN, Cross Plaintiff-Appellant,
v.
David KALLEN, American Policyholders Insurance Company, Detroit Automobile Inter-Insurance Exchange and Richland Knox Mutual Insurance Company, Cross Defendants-Appellees.
 No. 16712.
 No. 16713.
 United States Court of Appeals Sixth Circuit.
 April 11, 1967.
 
 Konrad D. Kohl, Detroit, Mich., for Richland Knox Mutual Insurance, plaintiff-appellant, Davidson, Gotshall, Kelly, Halsey & Kohl, Detroit, Mich., on brief.
 Thomas A. Neenan, Detroit, Mich., for Sondra Litwin, cross plaintiff appellant, Ward, Plunkett, Cooney, Rutt & Peacock, William P. Cooney, Detroit, Mich., on brief.
 John A. Kruse, Detroit, Mich., for American Policyholders Insurance Co. and Detroit Automobile Inter-Insurance Exchange, cross defendant appellees, Alexander, Buchanan & Conklin, Detroit, Mich., on brief for American Policy-holders Insurance Company, Rouse, Selby, Webber, Dickinson & Shaw, Forrest G. Shaw, Detroit, Mich., on brief for Detroit Automobile Inter-Insurance Exchange.
 Before O'SULLIVAN, PHILLIPS and PECK, Circuit Judges.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 The only simple aspect of this case is found in the facts of the occurrence giving rise to the controversy in suit. Defendant and Cross Plaintiff-appellant Sondra Litwin was a passenger, as was Defendant David Kallen, in the back seat of a passenger automobile owned and operated by one Joseph Paris, hereinafter referred to as "Litwin," "Kallen" and "Paris," respectively. Kallen attempted to throw a lighted firecracker out of the car window, but because it was closed the firecracker struck the glass and exploded within the car. This caused other firecrackers in the back seat to ignite and explode, resulting in personal injuries to Litwin.
 
 
 2
 The balance of the factual pattern is not capable of such simple presentation. At the time in question, Kallen was insured under a policy issued by Richland Knox Mutual Insurance Company (hereinafter referred to as "Richland Knox"). It brought the first of these two companion cases for Declaratory Judgment, contending that at the time of the accident Kallen was using an automobile and that because of a "special exclusion" contained in the policy which had application there was no coverage inuring to Kallen's benefit. The provision relied upon by Richland Knox in its attempt to be held free from liability is contained in the following:
 
 
 3
 "COVERAGE E — PERSONAL LIABILITY.
 
 
 4
 "(a) Liability: To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim as it deems expedient.
 
 
 5
 * * * * * *
 
 
 6
 "SECTION II OF THIS POLICY DOES NOT APPLY:
 
 
 7
 * * * * * *
 
 
 8
 "(b) under Coverages E and F, to the ownership, maintenance, operation, use, loading or unloading of (1) automobile or midget automobiles while away from the premises or the ways immediately adjoining, * * *
 
 
 9
 "(c) under Coverages E and F, to bodily injury or property damage caused intentionally by or at the direction of the Insured" * * * [sic]
 
 
 10
 Particular emphasis is placed on the fact that the Richland Knox policy from which this language was taken is a homeowner's insurance policy providing coverage for negligence liability. Paris, who is not a party hereto, carried automobile insurance with the defendant American Policy-holders Insurance Company, and Kallen's automobile insurer, Detroit Automobile Inter-Insurance Exchange, was added as a party defendant by Litwin; she presently has an action pending against Kallen in a state court to recover damages for the injuries sustained by her.
 
 
 11
 After the case was at issue, Litwin filed a cross claim against Kallen and the three insurance companies involved. The cross complaint sought a declaration that the policies issued by the respective insurance companies were not mutually exclusive and that all afforded coverage to Kallen; it also demanded a jury trial to determine the damage suffered by Litwin as a result of Kallen's alleged negligence. The matter was submitted to the District Court on three separate motions and, in accordance with an opinion delivered from the bench, the cross claim was dismissed for lack of jurisdiction, American Policyholders Insurance Company was dismissed as a party defendant, sua sponte, on the grounds that it was not a party to any actual controversy and that the jurisdictional amount was not present since the policy limits of the policy issued by it to Paris were $5,000, and the insurance policy issued by Richland Knox to Kallen was found to provide coverage to Kallen for the accident in question, requiring Richland Knox to defend the action brought by Litwin against Kallen in the state action and requiring Richland Knox to pay on behalf of Kallen, up to the limits of its coverage, any judgment as may be returned against Kallen. Richland Knox appeals from that portion of the decision holding the special exclusion upon which it relied inapplicable on the ground that the injuries suffered by Litwin did not arise out of Kallen's use of an automobile; Litwin has cross appealed from the decision dismissing American Policyholders Insurance Company and Detroit Auto mobile Inter-Insurance Exchange from the action.
 
 
 12
 The record dictates that Litwin's purported cross appeal be dismissed for lack of jurisdiction.
 
 
 13
 Prior to the 1966 amendment, Rule 73 (a)*, Federal Rules of Civil Procedure, provided in pertinent part:
 
 
 14
 "[T]he time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."
 
 
 15
 Also, section 2107 of Title 28, U.S.C. provided:
 
 
 16
 "[N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
 
 
 17
 * * * * * *
 
 
 18
 "The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree."
 
 
 19
 It is clear that the filing of the notice of appeal within the prescribed time limits is mandatory and jurisdictional, and that the right to appeal is lost if the notice of appeal is not timely filed with the district court. Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (3rd Cir. 1962); Schlink v. Chesapeake & Ohio Railroad Co., 276 F.2d 116 (6th Cir. 1960); Kahler-Ellis Co. v. Ohio Turnpike Comm., 225 F.2d 922 (6th Cir. 1955); Deena Products Co. v. United Brick & Clay Workers, 195 F.2d 612 (6th Cir.), cert. denied, 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640 (1952). It is also clear that this court may on its own initiative consider any jurisdictional question with respect to the filing of a notice of appeal. Trivette v. New York Life Insurance Co., 270 F.2d 198 (6th Cir. 1959). The District Court may not extend the time for taking any action under Rule 73(a) except to the extent and under the conditions stated therein (See Rule 6(a), Federal Rules of Civil Procedure.); Rule 73(a) permits the District Court to extend the time for a party to file a notice of appeal beyond the original 30-day period only where such party can show "excusable neglect based on a failure * * * to learn of the entry of the judgment."
 
 
 20
 In the instant case, the final order was entered on April 12, 1965. On May 20, 1965, Richland Knox filed a notice of appeal to which Litwin responded with a motion to dismiss on the ground that the notice had not been timely filed. On June 4, Richland Knox moved the court for an extension of time based on its excusable neglect in failing to learn of the entry of judgment. Pursuant to the order granting this motion, Richland Knox filed a second notice of appeal on June 10, 1965. The next day, Litwin, for the first time, filed a notice of cross appeal on the basis that it was "in keeping with" the order granting the motion of Richland Knox for an extension of time. Litwin's notice of appeal was then challenged by Detroit Automobile Inter-Insurance Exchange, the latter claiming that it was filed late and that the order relied upon applied only to Richland Knox. The motion to dismiss Litwin's appeal was not heard since the motion had erroneously been filed with the District Court, and the parties apparently let the matter rest at this point, for the motion has not been renewed in this court.
 
 
 21
 In essence, the question presented is whether Litwin's notice of appeal was timely, where it was filed after the initial 30-day period and pursuant to, or "in keeping with," an order granting an extension of time to Richland Knox, which order was based upon the excusable neglect of Richland Knox, not Litwin.
 
 
 22
 It is here concluded that the answer to that question must be in the negative. Aside from the fact that there is no evidence that Litwin did not know of the filing of the order of April 12, 1965, it affirmatively appears that said order was presented to the court for signature by Litwin. However, the crucial point is not whether Litwin would have prevailed in obtaining an extension of time in which to file the notice of appeal, had such an extension been sought, but rather, that Litwin's notice was not within the initial 30-day period and that the District Court did not in fact grant Litwin an extension of time.
 
 
 23
 This court does not acquire jurisdiction over belated cross appeals merely because an appeal by an opposing party has been properly perfected. See Guiberson Corp. v. Equipment Engineers, Inc., 252 F.2d 431 (5th Cir. 1958). Accordingly, Litwin's cross appeal, No. 16,713, must be dismissed for lack of jurisdiction.
 
 
 24
 The remaining issue is whether the injuries sustained by Litwin arose from the "use" of an automobile as that term is used in the exclusionary clause of the policy issued by Richland Knox to Kallen. The District Court held that coverage existed under the policy since the special exclusionary clause was not applicable.
 
 
 25
 In rendering his opinion from the bench, Judge Freeman stated.
 
 
 26
 "In cases involving automobile liability insurance, the courts have encountered difficulty in deciding whether certain accidents arise from the use of an insured automobile so as to be covered under the policy involved. However, it is well settled that a causal relation or connection must exist between an accident or injury and the use of a vehicle in order for the accident or injury to come within the meaning of the phrase `arising out of the use' of a vehicle. There is a very good annotation on this point at 89 A.L.R.2d 150 at page 1954, issued in 1963, which cites many cases.
 
 
 27
 "The words `arising out of' are ordinarily understood to mean `originating from,' `growing out of,' or `flowing from' when used in the `use' clause of an automobile liability insurance policy. See Schmidt v. Utilities Insurance Company, 353 Mo. 213, 182 S.W.2d 181, 154 A.L.R. 1088, which is a case cited in the above Annotation 89 A.L.R.2d 161.
 
 
 28
 "It is clear from the ALR Annotation that a causal connection between use of an automobile and the accident is required for coverage under an automobile liability insurance policy. It seems, then, at least as strong a causal connection between use of the vehicle and the accident is required under a home owner's policy to render applicable a special exclusion from coverage which must be strictly construed against the insurer. It therefore follows that without a causal connection between the use of the vehicle and the accident, there can be no special exclusion from coverage under a home owner's policy for accidents arising from the use of a vehicle.
 
 
 29
 "The question presented, therefore, in the instant situation is whether there was a causal connection between the use of the vehicle by defendant David Kallen and the accident resulting in injuries to defendant Sondra Litwin, both being passengers in the automobile.
 
 
 30
 "The fact that Kallen was riding in the vehicle was not, in and of itself, a cause of the accident. The cause of the accident was the lighting of the firecracker by Kallen, followed by his unsuccessful attempt to throw the firecracker out of the car window. The lighting and the throwing of the firecracker were not a causal result of Kallen's use of the car. His use of the vehicle had no necessary connection with the accident. Kallen's failure to throw the lighted firecracker away from the girl sitting next to him before it exploded was the cause of the injuries to the girl. The location of the parties in the car was purely incidental.
 
 
 31
 "Thus, this Court holds it cannot be said that the accident arose out of Kallen's use of an automobile within the meaning of the special exclusion in the policy."
 
 
 32
 It is concluded that the District Court properly disposed of this issue. As Judge Freeman astutely noted, "certainly not every tortious act occurring inside a vehicle constitutes use of that vehicle; and * * * the lighting of a fire-cracker inside a car does not involve the use of a car, any more than lighting a firecracker during business hours is a business pursuit."
 
 
 33
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 73(a) as amended, now provides that "if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires." Further, this rule, as amended, omits the prior requirement that excusable neglect need be "based on a failure of a party to learn of the entry of the judgment * * *" before an extension of time in which to file a notice of appeal may be granted by a District Court. Effective July 1, 1966