Mildred **WOODY** and Cephas Woody, **Plaintiffs,**

v.

**HINKLE CONTRACTING CORPORA-TION and Bruce McComas, Defendants.**

**No. 1647.**

United States District Court, E. D. Kentucky, Covington Division.

June 5, 1973.

**544**

Andrew R. Dranchak, Sterling Heights, Mich., G. Wayne Bridges, Frank Wichmann, Covington, Ky., for plaintiffs.

John Blackburn, Covington, Ky., for Bruce McComas.

Gregory Wehrman, Covington, Ky., for Hinkle Contracting Corp.

## MEMORANDUM

SWINFORD, District Judge.

The record is before the court on plaintiff's motion for reconsideration of the order entered May 21, 1973, denying her additional time to transmit the record to the Sixth Circuit Court of Appeals. Following judgment in favor of plaintiff in this action, notices of appeal were filed by both Woody and Hinkle. By order signed May 2, 1973, the defendant was given until June 21, 1973, to submit the record to the Court of Appeals. On May 29, 1973, the plaintiff moved for additional time to transmit the record on its cross appeal. The assailed order denied this request, noting that the motion was not filed within the period stated in the Federal Rules of Appellate Procedure for relief of this nature.

 Rule 11(a) of the Federal Rules of Appellate Procedure provides that the record on appeal must be transmitted within forty days of the filing of the notice of appeal "unless the time is shortened or extended by an order entered under subdivision (d) of this rule." Rule 11 (d) clearly demarcates the authority of this court to grant additional time for the preparation and transmission of the record:

> "The district court for cause shown may extend the time for transmitting the record. A request for extension must be made within the time originally prescribed or within an extension previously granted . . . . If the district court is without authority to grant the relief sought or has denied a request therefor, the court of appeals may on motion for cause shown

extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed."

The plaintiff's motion for an extension of time to transmit the record on cross appeal was filed after the expiration of the requisite forty day period; the power of this court to grant such a request lapses following that interval:

> "[S]uch order for extension must be made within the original 40 days from the date of the filing of the notice of appeal." United States v. Lawes, S.D. N.Y., 1 F.R.D. 731, 733 (1941).

See also 3A Barron and Holtzoff (Wright Ed.), Federal Practice and Procedure, Section 1559, note 10.1, Supplement (1971), at page 36.

 The plaintiff asserts that the motion for additional time was filed within "an extension previously granted", and should have been sustained. This argument flows from the court's grant of an extension to the defendant in response to a motion timely filed by that party. Plaintiff claims that the court retained power to allow further time since the extension granted the defendant operates to the benefit of all parties and the plaintiff's motion was filed within the extended time allowed the defendant. It is suggested that the propriety of this interpretation is reflected by the language in Rule 11(a) of the Appellate Rules providing for a single record on appeal.

The implementation of this theory would in effect render plaintiff's motion superfluous: a request by a dissatisfied plaintiff for additional time to file a cross appeal is obviously unnecessary if an extension granted the losing party is, as Woody claims, applicable to both appellants and cross appellants.

The plaintiff has cited no authority holding that a cross appellant may rely on an extension granted the appellant; indeed, the acceptance of this premise would require a merger of the rules governing appeals and cross appeals. While

the interaction of these devices has been simplified to some extent by the Federal Rules of Appellate Procedure, see Rules 28(c), 28(h), and 34(d), the appeal and cross appeal remain distinct entities in several respects and there is no reason to presume that precautions taken by one party with regard to an appeal will inure to the benefit of another for purposes of his cross appeal. Although Rule 11(a) does command a single record on appeal, the same subsection stipulates:

"If more than one appeal is taken, *each* appellant shall comply with the provisions of Rule 10(b) and this subdivision . . . ." (Emphasis supplied).

The procedure involved in securing a cross appeal, as well as the broader scope of argument thereby conferred, further illustrate the independent nature of this avenue of review:

"The appellee may, despite a failure to file a cross appeal, defend a judgment on any ground consistent with the record, even if rejected in the lower court. But he cannot attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary unless he files a cross appeal, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.

Where a cross appeal is in order, seemingly the appellee should file a notice of appeal just as if he were taking an independent appeal from the judgment." 3A Barron and Holtzoff (Wright Ed.), Section 1572, at pages 97–98.

See also United Stores of America, Inc. v. Fireman's Fund Ins. Co., 8th Cir., 420 F.2d 337, 340 (1970).

Although presenting dissimilar issues and applying a different Rule, the free-standing posture of a cross appeal was reflected by the court in Richland Knox Mutual Insurance Company v. Kallen, 6th Cir., 376 F.2d 360 (1967). There, the cross appellant argued that its tardy filing of a notice of appeal was excusable since it fell within a previous extension granted the appellant. The Sixth Circuit disagreed:

"(T)he question presented is whether (cross appellant's) . . . notice of appeal was timely, where it was filed after the initial 30-day period and pursuant to, or 'in keeping with,' an order granting an extension of time to (appellant) . . ., which order was based upon the excuseable neglect of (appellant) . . ., not (cross appellant) . . . .

It is here concluded that the answer to that question must be in the negative . . . .

This court does not acquire jurisdiction over belated cross appeals merely because an appeal by an opposing party has been properly perfected." Id. at 364.

It is apparent from these distinctions that Rule 11(d), Federal Rules of Appellate Procedure, does not contemplate the utilization by a cross appellant of an extension granted an appellant.

An order will be entered overruling the plaintiff's motion for reconsideration of the order entered May 21, 1973.