866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellee,
v.
James Duke MOSS and Gloria Moss, Defendants-Appellants.
 No. 88-5079.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, LIVELY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a grant of summary judgment in favor of Aetna Casualty & Surety Company ("Aetna") on its request for declaratory relief pursuant to 28 U.S.C. Sec. 2201 and Fed.R.Civ.P. 57. For the reasons discussed below, we affirm the decision of the district court.
 
 
 2
 * The facts are not in dispute. On July 21, 1984, thirteen-year-old William Duke Moss was driving his motorcycle through practice laps on the Audubon Raceway, in Henderson, Kentucky, in preparation for competition in a race. His motorcycle went off the track while coming out of a turn and struck a recessed culvert near the outer edge of the track. Moss received serious injuries when he was thrown from the motorcycle.
 
 
 3
 Aetna had issued two liability insurance policies to the raceway. The first was a general liability policy which contained an exclusionary provision that Aetna claims precludes coverage for any of Raceway's resulting liability for the accident. The second policy was an excess indemnity or "umbrella" policy under which coverage was conditioned upon coverage being extended by the general liability policy.
 
 
 4
 Through his representatives, Moss brought a tort action against several parties, including the raceway, in the Henderson Circuit Court, Henderson, Kentucky. Aetna then initiated an action in federal district court seeking a declaratory judgment that there was no coverage under the general liability policy and that it was under no duty to defend the raceway in the pending state court action. The district court concluded that the exclusionary provision applied and granted Aetna's motion for summary judgment. James Duke Moss and Gloria Moss, as parents and next of friends of William Moss, appeal from the district court's determination.
 
 II
 
 5
 The policy excluded from coverage damages "arising out of" the use of certain types of vehicles. Appellants contend that declaratory relief was improper because there remained a genuine issue with regard to causation. Specifically, they argue that the "arising out of" language in the policy required a determination of what caused the accident--they claim it was the culvert, and not the motorcycle--and that determination should not have been resolved by the district court.
 
 
 6
 To the extent that Moss suggests that there existed a complex factual issue that should have been resolved in the pending state court action, the contention is utterly without merit. The district court did not decide which of several factual causes, together or alone, was the legal or proximate cause for liability purposes. Rather, the court merely determined that for purposes of liability under the policy, the accident "arose out of" young Moss' use of his motorcycle. For the limited purpose of defining the policy's coverage, this means only that the accident originated from, grew out of, or flowed from his use of the motorcycle. Richland Knox Mut. Ins. Co. v. Kallen, 376 F.2d 360, 364 (6th Cir.1967). As the district court correctly noted, "but for Duke Moss riding his motorcycle to prepare for the upcoming race, he would not have struck the culvert and sustained the injuries which are the basis of the state suit."
 
 III
 
 7
 We next consider whether summary judgment was appropriate. Upon review of a grant of summary judgment, the same standard as originally applied by the district court is employed. Hines v. Joy Mfg. Co., 850 F.2d 1146, 1149 (6th Cir.1988). The moving party must point to an "absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then falls upon the nonmovant to produce some evidence to show that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 8
 The relevant portion of the policy's coverage and exclusionary provisions reads:
 
 
 9
 [Aetna] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of A.) bodily injury ... to which this insurance applies, ... and the company shall have the ... duty to defend any suit against the insured seeking damages on account of such bodily injury....
 
 
 10
 * * *
 
 
 11
 * * *
 
 This insurance does not apply:
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (c) to bodily injury or property damages arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any pre-arranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity.... (Emphasis supplied.)
 
 
 15
 "Mobile equipment" was defined as:
 
 
 16
 [A] land vehicle ... whether or not self-propelled, (1) not subject to motor vehicle registration, or ... (3) designed for use primarily off public roads.... (Emphasis supplied.)
 
 
 17
 If the language of an insurance policy is ambiguous, it should be liberally construed in favor of the insured. Wolford v. Wolford, 662 S.W.2d 835, 838 (Ky.1984). Therefore, if an insurance contract is susceptible to two constructions, the court must adopt the construction most favorable to the insured. United States Fire Ins. Co. v. Kentucky Truck Sales, Inc., 786 F.2d 736, 739 (6th Cir.1986) (applying Kentucky law). However, all terms are to be given their plain meaning, and a court should not "rewrite an insurance contract to enlarge the risk." Id.
 
 
 18
 At the time of the accident, Moss was riding a 125 Suzuki, and the issue on summary judgment was whether that motorcycle was "mobile equipment" as defined in the policy.
 
 
 19
 The district judge concluded that Moss' motorcycle was not subject to motor vehicle registration under Kentucky law, and therefore fit within the first prong of the policy's "mobile equipment" definition, since, under Kentucky statutes, a motor vehicle is not subject to registration unless the owner operates or permits the vehicle to be operated on a highway. See Ky.Rev.Stat.Ann. Sec. 186.020(1) (Baldwin 1986). Because appellants did not proffer evidence that this particular motorcycle was registered or operated on a public highway, Aetna was granted summary judgment.
 
 
 20
 The district judge focused upon whether the specific motorcycle involved was subject to registration. However, a fair reading of the definition of "mobile equipment" can lead to the conclusion that the motorcycle would be included in the definition only if it were of a type that is not subject to registration, regardless of the registration status of this particular motorcycle. If that be the proper reading of the definition, then summary judgment would have been proper only if model 125 Suzuki motorcycles are not of a type which can be operated on public highways and thus be "subject to" registration.
 
 
 21
 We need not resolve that question, however, because there clearly was no genuine issue of material fact as to whether the motorcycle met the third prong of the "mobile equipment" definition. Upon the state of the record, the motorcycle was "a land vehicle ... (3) designed for use primarily off public roads."
 
 
 22
 Along with its motion for summary judgment, Aetna submitted an excerpt from the transcript of the deposition of James Moss, wherein he testified as follows concerning his son's motorcycle:
 
 
 23
 [Counsel]: Do they have special shops you have to go buy these type of bikes?
 
 
 24
 [Moss]: Yes, sir, they are on different frames. You can race a stock frame and this bike was made for flat track.
 
 
 25
 [Counsel]: All right, this was a flat track racer?
 
 
 26
 [Moss]: Yes, sir. (Emphasis supplied.)
 
 
 27
 Appellants did not respond to Aetna's motion for summary judgment. However, in a prior memorandum in support of their motion to dismiss Aetna's action, they admitted that "[o]f course, [the motorcycle] is mobile equipment...." Appellants having failed to meet their burden of showing that there was a genuine issue for trial regarding whether the motorcycle was "mobile equipment," summary judgment for Aetna was appropriate. Anderson v. Liberty Lobby, 477 U.S. at 248.
 
 IV
 
 28
 For the foregoing reasons, the order of the district court granting summary judgment in favor of Aetna is AFFIRMED.
 
 
 
 *
 The Honorable Pierce Lively became Senior Circuit Jude on January 1, 1989