**AMERICAN FIRE & CASUALTY CO.**
**v.**
**ALLSTATE INS. CO.**
**No. 6816.**

United States Court of Appeals
Fourth Circuit.
Argued June 9, 1954.
Decided July 22, 1954.

Joseph R. Young, Charleston, S. C. (Hagood, Rivers & Young, Charleston, S. C., on brief), for appellant.

B. Allston Moore, Charleston, S. C. (Moore & Mouzon, Charleston, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The appeal in this case is taken from a judgment wherein the Allstate Insurance Company was held entitled to recover from the American Fire and Casualty Company, under the latter's policy of automobile insurance covering a jeep,

---

two-sevenths of the damages recovered by William F. Greene and Julius Williams as the result of a collision between an automobile in which they were riding and a Chrysler automobile driven by Martin T. Kramer with the jeep in tow. Kramer owned both the Chrysler and the jeep. The Chrysler was covered by a policy of the Allstate Insurance Company which paid the damages recovered by the injured parties and brought this suit to compel contribution by the insurer of the jeep.

Greene and Williams brought suits in the Court of Common Pleas of Jasper County, South Carolina, against Kramer which resulted in a verdict of $17,800 in favor of Greene, and a verdict of $1500 in favor of Williams for bodily injuries. Both insurance companies responded to the call of Kramer and participated in the defense of the suit, but the American Company reserved the right to deny liability to the insured on the ground that the Chrysler car and not the jeep was solely responsible for the accident. After the trial Allstate obtained a settlement of the suits by paying the total sum of $15,000 of which $13,827.55 was paid to Greene and $1172.45 was paid to Williams. There is no contest as to the propriety of this settlement.

The American Company agreed by its policy covering the jeep to pay on behalf of Kramer any sum which he should be obligated to pay as damages because of bodily injuries sustained by any person "caused by accident and arising out of the ownership, maintenance or use of the automobile." The coverage as to bodily injury liability was limited to $10,000 for each person and $20,000 for each accident.

The provisions of the Allstate policy covering the Chrysler as to bodily injury were similar to those contained in the American policy covering the jeep, except that the liability for bodily injury was limited to $25,000 for each person and $50,000 for each accident. Each policy also contained the following provision:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss * * *."

By reason of this provision of the policies, it is agreed that if American Company has any liability, it amounts to $4285.71, i. e., two-sevenths of the sum paid by the Allstate Company in settlement.

It was alleged in the complaints in the state court that the accident occurred on June 5, 1951, when the complainants were riding in an automobile on the highway near Hardeeville, South Carolina, and that the defendant Kramer, while driving his Chrysler automobile and towing the jeep, negligently caused these vehicles to be driven suddenly and without warning across the center line into the line of traffic in which the plaintiffs were riding and thereby a collision resulted and the plaintiffs were injured.

The pending case was submitted to the District Judge without a jury and it was agreed that the case should be decided upon a stipulation of facts which, in addition to those set out above, included the statement that at the time of the collision the jeep was carrying no passengers and using no power.

 The contention of the appellant is that the bodily injuries suffered by the plaintiffs in the case in the state court did not arise "out of the ownership, maintenance or use" of the jeep within the meaning of the quoted phrase of the policy, since the jeep was an automotive vehicle capable of self propulsion and designed to be so used; and it is said that it was not in use when it was being transported without power of its own in tow of the other car. The District Judge rejected this contention and we are in accord with his conclu-

sion. The jeep was moving on the road by means of its own running gear and although it was not employing its own power unit, it was subject to the vicissitudes and dangers of travel on the public highway and was being propelled under circumstances not infrequently encountered. It cannot be said that the employment of the vehicle in such a manner was so unusual as not to have been within the contemplation of the parties to the insurance contract, and it would violate the usual rule of liberal interpretation of such an agreement in favor of the insured, if it should be held that a car being transported under the circumstances was not actually in use. See Lamb v. Belt Casualty Co., 3 Cal. App.2d 624, 40 P.2d 311.

Affirmed.