**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.**

No. 71–1847.

United States Court of Appeals, Sixth Circuit.

Feb. 29, 1972.

Victor W. Ewen, Louisville, Ky., for plaintiff-appellant; Ewen, Mackenzie & Peden, Louisville, Ky., on brief.

Henry V. B. Denzer, Louisville, Ky., for defendant-appellee; Hogan, Taylor, Denzer & Bennett, Louisville, Ky., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

State Auto sued State Farm in the District Court for proration of the loss incurred by it in settlement of wrongful death, personal injury, and property damage actions against the estate of its insured, Proctor, arising out of a collision when a Ford Econoline Van, owned and operated by Proctor and towing his Jeep, crossed the centerline of a highway in Kentucky and collided head-on with a tractor and trailer.

Each insurer had issued to Proctor a policy of liability insurance, State Auto insuring the Ford, and State Farm insuring the Jeep.

Both policies of insurance provided that the insurer would pay damages which the insured became legally obligated to pay, which were "caused by accident arising out of the ownership, maintenance or use . . . of the owned automobile." Each policy provided that if the insured has other similar insurance available to him, the insurer shall not be liable for a proportion of the applicable limit of liability of this coverage greater than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

The parties stipulated as to the reasonableness of the settlement. The only question raised by State Farm was that the proof did not establish that the Jeep caused or contributed to cause the accident.

The District Court agreed with the contention of State Farm and entered judgment in its favor dismissing the complaint.

The trouble with this contention is that Proctor, who was insured by both companies, was operating the Ford, towing his Jeep. The Jeep was loaded with hunting equipment which Proctor and his passenger expected to use while hunting in Tennessee. Proctor propelled the unit on the wrong side of the road and caused the accident, out of which the claims for damages arose.

The coverage in both policies, "arising out of the ownership, maintenance, or use . . . of the owned automobile" is about as general and broad as could be written. In our opinion, the accident arose out of the insured's use of both vehicles. It is immaterial that the Ford, rather than the Jeep, collided with the tractor-trailer. The Ford and the Jeep constituted a unit which the insured of both companies operated on the wrong side of the road, and caused the accident.

In Insurance Co. of No. Am. v. Royal Indem. Co., 429 F.2d 1014 (6th Cir.

1970), separate policies of liability insurance were issued by different companies on a tractor and trailer which crossed over the center line of a highway and collided head-on with a truck. In that case, like the present one, the insurer of the trailer contended that the trailer did not cause or contribute to cause the accident. The District Judge (the late Henry L. Brooks) made a finding:

> "There was no evidence that the trailer was defective or physically came in contact with the Williams vehicle, and it did not figure in the accident other than being a part of the tractor-trailer unit."

The District Judge, in *Royal Indem. Co.*, entered judgment against the insurer of the trailer for the amount of its prorated liability, and we affirmed. State Auto relies on foot note 9 on page 1018 of our opinion in that case, which indicated that the tractor-trailer was connected by service and emergency brake airlines to prevent jackknifing. Just prior to the accident the right front wheel of the tractor went off the pavement and the tractor wobbled. The driver applied the brakes and the unit veered to the left, jackknifed and collided with Williams' truck. Notwithstanding this evidence, the District Court found that the trailer did not figure in the accident and we did not disturb its findings. The accident was caused by the negligence of the operator of the tractor-trailer unit.

In Eastern Transp. Co. v. Liberty Mut. Cas. Co., 101 N.H. 407, 144 A.2d 911 (1958), the insurer of the tractor was held liable for proration although the cause of the accident was the fact that the trailer, insured by another company, had no rear lights. The Court held that the accident arose out of the use of the tractor.

Finally, in American Fire & Cas. Co. v. Allstate Ins. Co., 214 F.2d 523 (4th Cir. 1954), on which we relied, a Chrysler automobile, while towing a Jeep, crossed the center line of the highway and struck another automobile. The Court held that the Jeep was being used at the time of the accident within the meaning of the policy.

State Farm relies on United States Fid. & Guar. Co. v. Western Fire Ins. Co., et al., 450 S.W.2d 491 (Ky., 1970), and Richland Knox Mut. Ins. Co. v. Kallen, 376 F.2d 360 (6th Cir. 1967). Such reliance is misplaced. In *Western Fire Ins.* a passenger in the front seat of an automobile was injured by the discharge of a gun by a passenger in the rear seat. In *Kallen* the injury was caused by the lighting of a firecracker. In neither case was the injury caused by the use of the vehicle.

The judgment of the District Court is reversed and the case is remanded with instructions to enter judgment in favor of the plaintiff.