Jeanette A. **WIRTH** and John P. Ryan, Plaintiffs,

v.

**MARYLAND CASUALTY COMPANY,** Defendant.

Civ. A. No. 7466–A.

United States District Court, W. D. Kentucky, Louisville Division.

Nov. 6, 1973.

Philip L. Grauman, Louisville, Ky., for plaintiffs.

John P. Sandidge, Louisville, Ky., for defendant.

## OPINION AND ORDER

ALLEN, District Judge.

This case comes before the Court on motions by both parties for summary judgment. The plaintiffs have moved for partial summary judgment only, on the issues of the defendant's liability on its insurance policy. The defendant has moved for summary judgment on the entire action.

The facts of this case are rather complex in detail, but they may be briefly summarized. In 1964, the plaintiff-Wirth sustained an eye injury when she was struck in the face by a firecracker while watching a parade. One of the floats in the parade was a locomotive-like vehicle owned by the 40 & 8 Club, and insured by the defendant, Maryland Casualty. The plaintiff-Wirth brought suit against 40 & 8 in Jefferson Circuit Court, Jefferson County, Kentucky, claiming that the firecracker was thrown from its vehicle. Maryland Casualty declined to defend 40 & 8 on the basis that its policy did not cover the firecracker accident. The plaintiff-Ryan represented 40 & 8 as attorney in the Jefferson Circuit Court action.

After a trial before a jury, judgment was entered in favor of the plaintiff-Wirth and against 40 & 8 in the amount of some $66,000.00. A subsequent suit was filed in Jefferson Circuit Court by the present plaintiffs against Maryland Casualty, claiming that it acted in bad faith when it refused to defend 40 & 8, and that it was liable on its insurance policy issued to 40 & 8. In October,

1972, that case was duly removed to this Court. The plaintiff-Wirth seeks to recover the totality of her judgment against 40 & 8 from Maryland Casualty, or at least the limits of its insurance policy, some $20,000.00. The plaintiff-Ryan seeks to recover his fee for the defence of the original suit, some $1,250.00.

This case presents the Court with two separate questions of law, the first regarding the sufficiency of notice given by 40 & 8 to Maryland Casualty, and the second concerning the interpretation of the language of the insurance policy between them. There are no genuine issues as to any material facts, and this case is appropriate for disposition in a summary proceeding.

█ The question of notice was not pressed by either party, and the Court agrees that it is not significant. The evidence shows that 40 & 8 gave notice to Maryland Casualty about 18 days after one of its members was served with a summons, a not unreasonable time under the circumstances, since the member served was not an officer of the club, nor was he authorized to receive process. There is no real contention that the 18 day period between service of process and notice to the insurer was insufficient notice such as would provide a defence under the policy.

█ There is also some question that two members of 40 & 8 learned about the accident some months before suit was filed. However, their testimony at the first trial shows that the extent of their knowledge was that a woman had been injured by a firecracker while watching the parade in which their vehicle participated. There is no evidence that they knew that their club was even allegedly involved. The Court does not believe that there was any reason for them to have notified Maryland Casualty on the basis of this rather sketchy, casual information.

█ The issue of interpreting the language of the insurance policy is more serious. In the first place, the policy in question was a standard automobile insurance policy, providing normal coverage. It is true that a higher than normal premium was charged, but this was based upon higher risk rather than upon expanded coverage. The parties clearly considered the use of the vehicle in parades, and the consequent greater risk of injury. However, there is no evidence that they contemplated covering anything other than the ordinary risks of driving an automobile. No specific reference to firecrackers or injuries to parade spectators or anything similar was made in the policy.

The important clause of the policy in question reads as follows:

## I COVERAGE A–BODILY INJURY LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person caused by accident and arising out of the ownership maintenance or use of the automobile.

The operative words are ". . . arising out of the ownership, maintenance or use" of the 40 & 8 vehicle. If the policy language is found to include the firecracker accident, then the plaintiffs are entitled to recover. If not, then Maryland Casualty is subject to no liability, and judgment should be entered in its favor. See State Farm v. Shelton, Ky., 368 S.W.2d 734.

Both parties have cited numerous cases to the Court. Many of them discuss the involvement of vehicles in accidents. Much of this is superfluous in the present case because there is no evidence that the vehicle or its operation contributed anything more than the setting for the plaintiff-Wirth's injury.

The Court believes that the relevant case law supports the position of Maryland Casualty. In particular, in the case of U.S.F.&G. v. Western Fire Insurance Co., Ky., 450 S.W.2d 491 (1970), the

Kentucky Court of Appeals held that for an injury to "arise out of" the operation of a vehicle, the use of the vehicle must be a "cause" of the accident rather than merely a "condition" of the accident. The Court declined to set forth a clear distinction between those terms, however, it did state that the accidental discharge of a pistol within an automobile does not "arise from" the use of the automobile. To the same effect, see the cases collected at 89 A.L.R.2d 150.

Of course, the law of Kentucky is determinative of the point at issue since this is a diversity case, but it is instructive to note that the 6th Circuit has had occasion to rule on the specific point under consideration here. In Richland Knox Mutual Insurance Co. v. Kallen, 376 F.2d 360 (C.A.6, 1967), another firecracker case, the Court held that:

> . . . the fact that [the defendant] was riding in the vehicle was not, in and of itself, a cause of the accident. . . . The lighting and throwing of the firecracker were not a causal result of [the defendant's] use of the car. His use of the vehicle had no necessary connection with the accident.

This holding was reiterated in State Auto Mutual Insurance Co., v. State Farm Mutual Automobile Insurance Co., 456 F.2d 238 (C.A.6, 1972), wherein the Court cited its previous holding that an injury caused by the lighting and throwing of a firecracker is not an accident caused by the use of a vehicle. The State Auto case, supra, applied Kentucky law, whereas the Richland Knox case, supra, did not. The holding of both of these cases is squarely on point with the situation in the present case. The language of the insurance policies is the same, as it also was ·in the U.S.F.&G. case, supra, and is good authority for the position of Maryland Casualty in the present case. The Court does not believe that the use of the 40 & 8 vehicle was a causal factor in the injury of the plaintiff-Wirth. The evidence at the trial against 40 & 8 did not show that the use of the insured vehicle contributed anything other than one of the "conditions" of the injury, as opposed to one of its "causes".

The Court notes that numerous other jurisdictions have been faced with interpreting similar or identical insurance policy language, and most, if not all, have used the same test as Kentucky and the 6th Circuit, and have arrived at substantially similar results.

The plaintiffs have not cited any authority that would persuade the Court to disregard the U.S.F.&G. case, supra, nor the 6th Circuit cases. In particular, the 10th Circuit Case of Wyoming Farm Bureau Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., 467 F.2d 990 (1972), which was relied upon heavily by the counsel for the plaintiffs during the oral hearing held in this case, holds merely that when some motion of the vehicle may or may not contribute to an injury caused by something thrown from the vehicle, it is proper to submit the question to the jury. The Court restates that in the present case, there is no evidence that the operation of the 40 & 8 vehicle had anything to do with the plaintiff-Wirth's eye injury.

Finally, the Court is not persuaded that there is any merit in the plaintiffs' position that an insurance policy provides coverage beyond its express terms, based upon what the parties might have intended. Even if that proposition were true, there is no evidence in the present case that the parties contemplated that the Maryland Casualty insurance policy would provide anything other than ordinary automobile insurance coverage.

Therefore, the Court has .come to the conclusion that the insurance policy in question in this case did not provide coverage over the plaintiff-Wirth's eye injury, and that Maryland Casualty was within its rights in refusing to provide 40 & 8 with a defence. Judgment will be entered this day in accordance with this Opinion, overruling the plaintiffs' motion for partial summary judgment, and granting the defendant's motion for summary judgment.