State Farm Fire and Casualty Company appeals a declaratory judgment holding it obligated to defend a civil action against Robert D. Erwin, Jr., and to pay any judgments to the extent of its coverage. Erwin had boat owner's liability insurance coverage on his boat and motor with State Farm. He brought the declaratory judgment action when State Farm refused to defend a suit for personal injuries against Erwin arising out of an automobile accident.
At the time of the accident, Erwin was towing his boat to a repair shop for maintenance. The boat was placed on a trailer hitched to the back of Erwin's car. Instead of going directly to work that morning, Erwin had taken a different route to drop the boat off for repairs. At an intersection on this route, the front end of Erwin's car struck a motorcycle driven by Charles Brown. Erwin claims he did not see the motorcycle in time to apply his brakes. Brown claims that Erwin ran a red light. Brown filed suit against Erwin, seeking $750,000.00 in damages.
Erwin had automobile liability insurance coverage with Alabama Farm Bureau Insurance Company, which agreed to defend him in Brown's suit. State Farm refused to defend Erwin under the following clause of Erwin's boat owner's insurance policy:
 To pay all sums which the Insured shall become legally obligated to pay as damages because of bodily injury sustained by other persons and property damage, arising out of the ownership, maintenance or use of owned watercraft, and this Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but this company may make such investigation and settlement of any claim or suit as it deems expedient. [Emphasis added.]
Thus, Erwin brought this separate declaratory judgment action to determine if Brown's injuries arose "out of the ownership, maintenance or use" of his boat. The trial court found they did. We agree and affirm.
This appears to be a case of first impression with little authority from other jurisdictions to guide us. However, certain general principles control the construction of insurance contracts, viz.:
 As a general rule of Alabama law, an insurance contract will be construed most strongly against the party who framed it. Life Ins. Co. of Georgia v. Miller, 292 Ala. 525, 531, 296 So.2d 900, 905 (1974). The contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. Life Ins. Co. of Georgia v. Miller, supra; Southern Ins. Co. v. Wilson, 214 Ala. 373, 108 So. 5
(1926). Finally, ambiguous provisions of an insurance policy will be construed most strongly against the insurer and in favor of the insured. E.g., National Life Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45 (1910). [Emphasis added.]
Tyler v. Insurance Company of North America, Inc.,331 So.2d 641, 644 (Ala. 1976).
We agree with the trial court that the phrase "ownership, maintenance or use" is ambiguous and subject to different constructions. Ownership can be manifested in numerous and varied ways and appears to *Page 998 
be an all-inclusive term. Furthermore, the term "maintenance" was found to be inherently ambiguous in Alabama Farm BureauMutual Casualty Insurance Company v. Tubbs, 293 Ala. 432, 434,304 So.2d 589 (1974), which noted that "[t]he verb `maintain' has a variety of meanings and connotations." This court allowed coverage in Tubbs under disputed policy language similar to the instant case, stating: "We think that the word `maintenance,' which is the act of maintaining, should be given one or more of the meanings that will give effect to the purpose of the insurance, which is to afford protection." 293 Ala. at 434,304 So.2d 589.
Towing one's boat to be repaired is a necessary and foreseeable incident to its maintenance and a prerogative of ownership. If State Farm had meant to exclude such activity from its coverage, it could have avoided the broad language used or specifically excluded out-of-water use of boatcraft in drafting its policy. Quoting Aetna Casualty Surety Company v.Chapman, 240 Ala. 599, 200 So. 425 (1941), this court has said:
 Policies of insurance being carefully prepared by the insurer, when containing provisions reasonably subject to different constructions, one favorable to the insurer and one favorable to the insured, the construction favorable to the insured shall prevail. As sometimes stated the insured is entitled to the protection which he may reasonably expect from the terms of the policy he purchases.
Tubbs, 293 Ala. at 434, 304 So.2d 589.
Appellant contends that Brown's injuries did not "arise out of" the ownership, maintenance or use of Erwin's boat, citingAmerican Liberty Insurance Company v. Soules, 288 Ala. 163,258 So.2d 872 (1972). In Soules, the insured and his girlfriend were sitting in the front seat of a car when a handgun held by the insured accidentally went off, injuring the girlfriend. The insured sought liability coverage under a policy with language similar to the disputed policy here, claiming the girlfriend's injuries arose out of the use of the car. Borrowing a test for "arising out of" from a workmen's compensation case, the Soules
court stated:
 [T]he phrase would denote the use of the insured's automobile as the cause of the accident, and in order to satisfy this requisite the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the use of the automobile and not otherwise. [Emphasis added.]
288 Ala. at 167, 258 So.2d 872.
In Soules, the car was found to be merely the situs of the accident and nothing more; coverage was denied. The instant case is distinguishable. Erwin was towing the boat to be repaired when the accident occurred.
The phrase "arising out of" has been broadly construed by other courts. See Annot. 89 A.L.R.2d 150 § 6 (1963). In BlueBird Body Company v. Ryder Truck Rental, Inc., 583 F.2d 717,726 (5th Cir. 1978), the federal appeals court observed:
 "[A]rising out of," as we said in Red Ball Motor Freight v. Employers Mut. Liability Ins. Co., 5th Cir., 1951, 189 F.2d 374, 378, "are words of much broader significance than `caused by.' They are ordinarily understood to mean `originating from,' `having its origin in,' `growing out of' or `flowing from,' or, in short, `incident to, or having connection with,' the use of the car." [Emphasis added.]
Towing a boat for repairs is a necessary incident to its maintenance, satisfying the "arising out of" requirement of liability coverage.
Finally, appellant argues the requisite causation was absent in this case, since the boat itself did not physically contribute to the accident, pointing to the fact that only Erwin's car collided with Brown's car. The only evidence presented toward this issue is the following testimony of Erwin:
 Q. Did the boat or motor play any part in causing this accident?
 A. I don't know how it could have, other than it was the added weight on the car. *Page 999 
This evidence is inconclusive, yet we find it unnecessary to consider it. Although this court has never addressed the issue of causation in accidents with a vehicle towing another vehicle, other courts have, and we adopt their sound approach. See State Automobile Mutual Insurance Company v. State FarmMutual Automobile Insurance Company, 456 F.2d 238 (6th Cir. 1972); American Fire and Casualty Company v. Allstate InsuranceCompany, 214 F.2d 523 (4th Cir. 1954); Hall v. United StatesFidelity and Guaranty Company, 107 Ohio App. 13, 155 N.E.2d 462
(1957).
In State Automobile Mutual Insurance Company, a van was towing a Jeep on a highway when the van veered across the center line and collided head-on with a tractor-trailer. Liability insurance coverage similar to that of the instant case had been taken out on both vehicles. The Jeep insurer argued, as in this case, that the proof did not establish that the Jeep caused or contributed to the accident. Rejecting this argument, the federal court of appeals reasoned:
 The coverage in both policies, "arising out of the ownership, maintenance, or use . . . of the owned automobile" is about as general and broad as could be written. In our opinion, the accident arose out of the insured's use of both vehicles. It is immaterial that the Ford, rather than the Jeep, collided with the tractor-trailer. The Ford and the Jeep constituted a unit which the insured of both companies operated on the wrong side of the road, and caused the accident. [Emphasis added.]
456 F.2d at 239.
In this case, Erwin's car and the towed boat, both under Erwin's control, were being operated as a single unit. The operation of both caused the accident.
Having examined the record and having found the issues raised on appeal without merit, we hold the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.