**182** ◼ ▬▬▬▬▬▬

Joseph R. HANNAH, Defendant
Below, Appellant,

v.

ERIE INSURANCE EXCHANGE,
Plaintiff Below, Appellee.

No. 172, 1987.

Supreme Court of Delaware.

Submitted: Oct. 14, 1987.
Decided: Dec. 22, 1987.

Harold Schmittinger, and William D. Fletcher, Jr., of Schmittinger and Rodriguez, P.A., Dover, for appellant.

David E. Brand, and Beth E. Evans, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE, and WALSH, Justices.

CHRISTIE, Chief Justice:

Erie Insurance Exchange (Erie) initiated this litigation by seeking a declaratory judgment in Superior Court. Erie sought a ruling from the court that the watercraft liability portion of a homeowner's insurance policy issued to George Hannah by Erie did not provide George Hannah with liability coverage for injuries suffered by the appellant, Joseph Hannah. Joseph Hannah's injuries were sustained in an automobile accident while he was a passenger in a vehicle towing a trailer which carried a boat insured by Erie.

Each party filed a cross-motion for summary judgment. The trial court granted Erie's motion and denied Joseph Hannah's motion. Joseph Hannah appeals from the trial court's order.

The facts in this case are not disputed. On October 15, 1981, Joseph Hannah was a fourteen year old passenger in a pickup truck owned and driven by his uncle, George Hannah. George Hannah was using his pickup truck to tow a trailer on which was a 16 foot runabout boat. Both the trailer and the boat were owned by him. Joseph Hannah and George Hannah, together with George's brother, Weaver Hannah, were in the pickup truck traveling eastbound on County Route 15 toward the Delaware Bay at the time of the accident. They intended to use George's boat for a fishing expedition off Slaughter Beach in Delaware. At the intersection of County Route 15 and U.S. Route 13, in New Castle County, George failed to a stop at a stop sign, entered the intersection, and collided with a tractor-trailer traveling northbound on U.S. Route 13. The accident resulted in the death of Weaver and severe injuries to George and Joseph.

Prior to the accident, Erie had issued a homeowner's insurance policy to George Hannah which included a watercraft liability endorsement. The endorsement provided that Erie would "... extend Personal Liability Coverage and Medical Payments

to Others Coverage to apply to the ownership or use of any [insured] watercraft"[1] as to damages for which George Hannah would become liable.

No allegations have been made and no evidence has been presented to indicate that the boat contributed in any way to the cause or severity of the collision. The trial court noted that there was no causal connection between the boat and the injuries sustained by Joseph, and it ruled that the watercraft liability portion of the policy found no application to any liability which may arise from the accident.

Joseph Hannah contends that the trial court erred when it determined, as a matter of law, that the boat was not in "use" and, therefore, that the insurance policy did not provide liability coverage applicable to his injuries. He contends that the wording of the policy is so general that the court erred in ruling that the insurance policy was not sufficiently comprehensive to include coverage for his injuries. However, recovery under the wording of the policy is afforded only if Joseph's injuries arose from "the ownership or use" of the watercraft.

The issue before the trial court, a matter of first impression in this State, was whether a boat on a trailer being towed over a highway was in "use" at the time of the collision within the meaning of the policy.[2] The trial court found that the meaning of the word "use" was clear and unambiguous and that it required the conclusion that a boat being transported over a highway is in transport and not in "use". As the trial court explained, "... it would contradict the ordinary meaning of words ... to say that the Hannah boat was 'in use' merely because it was carried on a trailer to a water site ... at most, the boat was in transit, preliminary to use." The trial court determined that the distinction between an insured vehicle in tow and an insured boat merely being transported as cargo is crucial, and this Court agrees with that determination.

The undisputed facts of this case support the trial court's finding that the boat was not in "use". Since the meaning of the word "use" was clear and unambiguous, further construction of the contract by the court was not necessary, appropriate, or permissible. *Apotas v. Allstate Ins. Co.*, Del.Supr., 246 A.2d 923, 925 (1968); *Lamberton v. Travelers Indem. Co.*, Del.Super., 325 A.2d 104, 106 (1974), *aff'd*, Del. Supr., 346 A.2d 167 (1975).

Joseph Hannah urges this Court to adopt the analysis and holding of the Alabama Supreme Court in *State Farm Fire and Casualty Co. v. Erwin*, Ala.Supr., 393 So. 2d 996 (1981). However, the *Erwin* case is distinguishable from the present case and in any event this Court is not persuaded by its analysis or holding.

The issue before the *Erwin* court was whether an insurance policy, which included coverage for damages arising out of the *maintenance* of a watercraft, could be applied to damages incurred while the boat was being towed as cargo on a trailer to a repair shop. In ruling that the policy language did provide coverage, the Alabama court relied upon its prior decision in which it held that the word "maintenance" was inherently ambiguous. In both of these decisions, the Alabama court was free to construe the terms most strongly against the insurance company as the framer of the terms of the policy since the policy terms were found to be ambiguous. *Id.* at 997–998. Therefore, the court interpreted the word "maintenance" in a such way as to "... give effect to the purpose of the insurance which is to afford protection." *Id.* at 998 (quoting *Alabama Farm Bureau Mut. Casualty Insurance Co. v. Tubbs*, Ala.Supr., 293 Ala. 432, 304 So.2d 589 (1974)) We find no ambiguity in the language of the policy in the case before this Court.

The *Erwin* court also found that plaintiff's car and the boat being towed were operated as a single unit and that the oper-

1. Unlike the Boat Form endorsement to the homeowner's policy in question, the Watercraft Liability endorsement includes as insured property the boat only, not the trailer or accessories.

2. Coverage based on George Hannah's ownership of the boat is not claimed. Joseph Hannah was not the owner of the boat, nor does he contend that he was the owner.

ation of both *caused* the accident. *Id.* at 999. However, there is a split of authority as to whether such a causal connection is required. *Compare Id.* (court cites cases which held that when a vehicle tows another vehicle, they together constitute one unit and it is the operation of that unit which causes the accident) *with State Farm Fire and Casualty Co. v. Thomas,* Tenn.Ct. App., No. 22, slip op. (Aug. 21, 1986) [Available on WESTLAW, 1986 WL 9001], *concurring in result,* Tenn.Supr.Ct., (Mar. 9, 1987) (court distinguished between a boat and its trailer and held that while the trailer being towed by a vehicle may be in use, the boat is merely cargo such that no causal connection existed between the boat and the injuries sustained). We rule that a causal connection between the use of the boat and the accident is required under the circumstances of this case and that it has not been established.

In the present case, the boat did not cause or contribute to the severity of the accident. Since there is no causal connection between the use of the insured property and the accident, the insurance policy cannot be held to provide coverage. *See Wiebel v. American Farmers Mut. Ins. Co.,* Del.Super., 140 A.2d 712, 714 (1958). Therefore, the trial court, having found that there was no causal connection between the boat located as cargo on a trailer being towed and the injuries sustained by Joseph Hannah, did not err in holding that the policy provided no coverage for his injuries.

Having found that the trial court did not err in holding that, under the circumstances of this case, the boat was not in "use" and that no causal connection existed between the alleged use of the boat and the injuries sustained, this Court affirms the judgment of the Superior Court.