The trial court entered a summary judgment in favor of Gregorio Herrera in a declaratory-judgment action brought by Safeway Insurance Company of Alabama, Inc., to determine whether Herrera's claim was covered under his automobile insurance policy with Safeway and on his counterclaim alleging breach of contract. The trial court entered a summary judgment in favor of Safeway on Herrera's counterclaim alleging bad-faith refusal to pay an insurance claim. Safeway appeals (case no. 1031115), and Herrera cross-appeals (case no. 1031165). We consolidated the appeals for purposes of issuing one opinion. We affirm in case no. 1031165 and reverse and remand in case no. 1031115.
 I.
The parties do not dispute the main facts in this case. Herrera obtained an automobile insurance policy from Safeway. The policy provided coverage for "direct and accidental loss to [Herrera's] covered auto."
On December 25, 2002, Herrera and his family were at a Christmas gathering at a restaurant owned by a relative of Herrera's. Herrera's wife drove the family to the restaurant in Herrera's minivan, a 1996 Plymouth Grand Voyager, which was insured under the Safeway policy. At the end of the party, Mrs. Herrera moved the minivan to the front of the restaurant to pick up the family. She left the minivan running to warm it up and went inside the restaurant to get the family. During the *Page 1142 
time Mrs. Herrera was in the restaurant, the minivan was unlocked, the key was in the ignition, and the minivan was unattended. While the Herrera family was inside, the minivan was stolen. It was later recovered in Rainbow City; the minivan had been wrecked and abandoned. The total damage to the minivan amounted to $4,746.98; the $500 deductible under the policy is included in this amount.
Herrera reported the incident to Safeway and requested payment under the policy of the amount of the damage less the $500 deductible. Safeway refused to pay based on one of the exclusions in the insurance policy, which states that the insurance policy does not cover theft of a covered vehicle if "forcible entry" was not required to access the vehicle.[1] The insurance policy does not define "forcible entry."
On March 13, 2003, Safeway filed a complaint seeking a judgment declaring that Herrera's insurance policy with Safeway does not cover the damage to Herrera's vehicle. Herrera answered and also counterclaimed, alleging breach of an insurance contract and bad-faith refusal to pay an insurance claim. Safeway answered Herrera's counterclaim.
Both Herrera and Safeway moved for a summary judgment. Herrera requested additional time to respond to Safeway's motion and to conduct discovery regarding the bad-faith-refusal-to-pay counterclaim. The trial court did not grant any additional time for discovery — although at the hearing on the summary-judgment motions the trial court indicated that it might allow additional discovery if it later thought it necessary.
On October 31, 2003, the trial court entered a summary judgment for Herrera, finding that the exclusion did not apply and that the vehicle was covered under the policy because the language of the exclusion was ambiguous. The trial court entered a summary judgment in favor of Safeway on Herrera's bad-faith-refusal-to-pay counterclaim. On January 23, 2004, Herrera moved for a summary judgment on his breach-of-insurance-contract counterclaim, requesting that judgment be entered in the amount of $4,746.98 minus the $500 deductible. On February 4, 2004, the trial court ruled that his summary-judgment motion was moot, implying that the trial court's October 31, 2003, order also disposed of that counterclaim in Herrera's favor.
On November 20, 2003, Herrera filed a motion to alter, amend, or vacate the summary judgment for Safeway on his bad-faith-refusal-to-pay counterclaim.[2] Herrera's motion was denied as a matter of law *Page 1143 
after 90 days. On March 17, 2004, the trial court entered a judgment for Herrera in the amount of $4,246.98.
Safeway appeals the trial court's summary judgment for Herrera on his counterclaim alleging breach of contract and against Safeway on its claim for a declaratory judgment to exclude Herrera's insurance claim. Herrera cross-appeals the trial court's summary judgment for Safeway on Herrera's bad-faith-refusal-to-pay counterclaim. We have consolidated the appeals for purposes of issuing one opinion. We reverse the trial court's judgment on the coverage issue and on Herrera's counterclaim alleging breach of contract, and we remand the case for further proceedings. We affirm the trial court's judgment on the bad-faith-refusal-to-pay counterclaim.
 II.
We review a summary judgment de novo. Mobile Airport Auth. v.HealthSTRATEGIES, Inc., 886 So.2d 773, 779 (Ala. 2004). We accord the lower court's legal conclusions no presumption of correctness. Id.
 III.
General rules of contract law govern an insurance contract.Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co., 817 So.2d 687,691 (Ala. 2001). The court must enforce the insurance policy as written if the terms are unambiguous, id.; Liggans R.V. Ctr. v.John Deere Ins. Co., 575 So.2d 567, 569 (Ala. 1991). Whether a provision of an insurance policy is ambiguous is a question of law. Turvin v. Alfa Mut. Gen. Ins. Co., 774 So.2d 597, 599
(Ala.Civ.App. 2000). To the extent the language of an insurance policy provision is ambiguous, all ambiguities must be resolved against the insurance company. Twin City Fire Ins. Co.,817 So.2d at 692. However, the parties cannot create ambiguities by setting forth different interpretations or "[by inserting] . . . strained or twisted reasoning." Id. Moreover, the mere fact that a word or a phrase used in a provision in an insurance policy is not defined in the policy does not mean that the word or phrase is inherently ambiguous. Id. If a word or phrase is not defined in the policy, then the court should construe the word or phrase according to the meaning a person of ordinary intelligence would reasonably give it. Id. The court should not define words it is construing based on technical or legal terms.Liggans R.V. Ctr., 575 So.2d at 570.
Herrera argues that in this case the phrase "forcible entry" is ambiguous. He cites the fifth edition of Black's Law Dictionary
(5th ed. 1979), which defined the phrase as an entry "without consent."[3] Herrera further argues that under State FarmFire Casualty Co. v. Slade, 747 So.2d 293, 308-09 (Ala. 1999), the term "forcible entry" is ambiguous because, he argues, it is susceptible to two different constructions. Herrera points out that § 6-6-310, Ala. Code 1975, defines "forcible entry" on real estate to include "entering peaceably and then by unlawful refusal, or by force or threats, turning or keeping the party out of possession."
We disagree with Herrera's interpretation of the phrase "forcible entry" as used *Page 1144 
in the policy provision; the definition in the current edition ofBlack's Law Dictionary[4] and the statutory definition at § 6-6-310, Ala. Code 1975, are inapposite in determining whether the phrase "forcible entry" in an automobile insurance policy is ambiguous. See Liggans R.V. Ctr., 575 So.2d at 570 (stating that courts in interpreting words should not define the words using technical or legal terms). The term "forcible entry" should be given its ordinary meaning. See id. at 569.Merriam-Webster's Collegiate Dictionary (11th ed. 2003), defines "forcible" as "1: effected by force used against opposition or resistance 2: characterized by force, efficiency, or energy." Thus, an ordinary meaning of "forcible" is to use "force." See also 11 Lee R. Russ Thomas F. Segalla, Couch onInsurance § 157.48, at 157-60 (3d ed. 1998) ("In interpreting a provision excluding coverage for property stolen while in or on a vehicle unless the loss is [the] result of forcible entry into such vehicle, the provision is unambiguous.").
According to Slade, 747 So.2d at 308, the court, in determining whether a term in a provision in an insurance policy is ambiguous must determine "`what a reasonably prudent person applying for insurance would have understood [the term] to mean.'" A term is ambiguous only if, applying the ordinary meaning, one would conclude that the provision containing the term is "reasonably susceptible to two or more constructions."747 So.2d at 309. In this case, Herrera himself testified at his deposition that he understood "forcible entry" to mean "somebody forcing" his way into the vehicle.
Thus, "forcible entry" was reasonably understood both by Safeway and by Herrera to include the use of force to gain access to Herrera's minivan. In this case, Herrera's wife left the minivan unattended, unlocked, with the key in the ignition, and with the motor running. Under those circumstances, "forcible entry" was not required to gain access to the minivan, and Herrera admitted that no one forced his way into the minivan because "[his wife] started the car."
The "forcible entry" exclusionary provision applies in this case, and the trial court erred by denying Safeway's summary-judgment motion on the coverage issue and by entering a summary judgment in favor of Herrera on his breach-of-insurance-contract counterclaim.
Herrera offers arguments in addition to his argument that the exclusionary provision of the policy was ambiguous. Herrera argues that he "reasonably expected" that the theft of his minivan would be covered by the insurance policy. See Lambert v.Liberty Mut. Ins. Co., 331 So.2d 260, 263 (Ala. 1976) (stating that an insured is entitled to protection he or she may reasonably expect from an insurance policy). He also argues that under Ex parte Thicklin, 824 So.2d 723, 731 (Ala. 2002), the "forcible entry" exclusionary provision is "substantively unconscionable," and he notes that there could be numerous situations where a vehicle is stolen without any evidence of forcible entry. See Ex parte Thicklin, 824 So.2d at 731
(stating that substantive unconscionability relates to whether the substantive contract terms are unreasonably favorable to the *Page 1145 
more powerful party or whether they contravene the public interest or public policy).
Herrera's arguments are without merit. First, this Court limited the doctrine of "reasonable expectation" to ambiguous provisions of an insurance policy. State Farm, 747 So.2d at 312
(noting that other jurisdictions limit the reasonable-expectation doctrine to ambiguous insurance policy provisions and stating that such a limitation is necessary to curtail the potential of the court's substituting its own equitable terms for unambiguous terms in an insurance contract). In this case, the "forcible entry" exclusion is not ambiguous. Thus, the doctrine of "reasonable expectation" is unavailable to Herrera. Second, Herrera does not set forth any compelling argument that the exclusionary provision is substantively unconscionable. The policy behind the "forcible entry" exclusionary provision is to require the insured to exercise due diligence in securing the insured property. 5 John Alan Appleman Jean Appleman,Insurance Law Practice § 3176, at 516 (1970). Herrera does not show how this exclusionary provision unreasonably favors Safeway or how it contravenes the public interest or public policy.
Therefore, the trial court erred by entering a summary judgment in favor of Herrera on Safeway's declaratory-judgment claim and on Herrera's breach-of-insurance-contract counterclaim. Because Herrera's claim in this case is excluded by the "forcible entry" exclusionary provision of his insurance policy, Herrera's breach-of-insurance-contract counterclaim fails as a matter of law.
 IV.
Herrera argues that the trial court erred in granting Safeway's summary-judgment motion on Herrera's counterclaim alleging bad-faith failure to pay. He also argues that he should have been granted additional time for discovery regarding the bad-faith counterclaim. Because Herrera's breach-of-insurance-contract counterclaim fails, his bad-faith-refusal-to-pay counterclaim must also fail as a matter of law. McDole v. Alfa Mut. Ins.Co., 875 So.2d 279, 285 (Ala. 2003) (holding that a bad-faith-refusal-to-pay claim fails as a matter of law when the underlying breach-of-contract claim fails as a matter of law). Therefore, we affirm the trial court's summary judgment in favor of Safeway on Herrera's bad-faith-failure-to-pay counterclaim.
 V.
We conclude that the "forcible entry" exclusionary provision in Herrera's insurance policy with Safeway is unambiguous and that it operates to exclude Herrera's claim regarding the stolen minivan. We therefore reverse the trial court's summary judgment in favor of Herrera on his breach-of-contract counterclaim and against Safeway on its declaratory-judgment claim and remand the case for further proceedings consistent with this opinion. We affirm the trial court's summary judgment in favor of Safeway on Herrera's bad-faith-refusal-to-pay counterclaim.
1031115 — REVERSED AND REMANDED.
1031165 — AFFIRMED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Although there is no dispute as to the exclusion on which Safeway based its refusal, the parties quote slightly different wording in quoting from that exclusion. Safeway states that Herrera's insurance policy contains the following exclusion:
 "[Safeway] will not pay for:
 ". . . .
 ". . . Loss due to theft under this coverage if evidence exists that forcible entry was not required to gain access to your covered auto."
Herrera states that his copy of the insurance policy contains the following exclusion:
 "[Safeway] will not pay for:
 ". . . .
 ". . . Loss due to theft under this coverage if evidence exists that forcible entry was not required to gain access to the vehicle."
 The only difference is the language in the last part of the exclusion; one version states "your covered auto," while the other version states "the vehicle." The parties do not suggest that this is a significant difference and focus on the "forcible entry" language as the relevant portion of the exclusion.
[2] Although Herrera styled the motion a "Motion For A New Trial," it was technically a motion to alter, amend, or vacate a judgment. Ala. R. Civ. P. 59(e).
[3] Black's Law Dictionary (5th ed. 1979) described the phrase "forcible entry," in part as follows: "In many states, an entry effected without consent of rightful owner, or against his remonstrance, or under circumstances which amount to no more than a mere trespass, is now technically considered `forcible.'" However, Herrera fails to note that the current edition ofBlack's Law Dictionary no longer includes that language in the definition of "forcible entry." See note 4.
[4] The most recent edition of the Black's Law Dictionary
(8th ed. 2004) does not define the phrase "forcible entry" to include the phrase "without consent." The most recent edition defines "forcible entry" as follows: "1: The act or an instance of violently and unlawfully taking possession of lands and tenements against the will of those in lawful possession. 2: The act of entering land in another's possession by the use of force against another or by breaking into the premises." Black's LawDictionary 674. *Page 1146