STUART, Justice
(concurring specially).
This case involves a petition for a writ of mandamus filed by an insurance company, an independent adjusting firm, and an adjuster employed by that firm (collectively “the petitioners”), asking this Court to issue a writ of mandamus directing the Cull-man Circuit Court to set aside its order appointing an umpire to resolve a dispute between the insurance company and its insured concerning a claim for damage to the roof of the insured’s commercial property. The insured had moved the trial court to appoint an umpire pursuant to an appraisal clause in its insurance policy designed to resolve disputes in the event the insurer and insured “disagree on the value of the property or the amount of loss.” The insurance company had previously declined to follow the procedure set forth in the appraisal clause because, it argued, its dispute with the insured was not over “the amount of the loss” but whether the alleged loss was, in fact, a covered loss.
This Court considered a similar issue in Rogers v. State Farm Fire & Casualty Co., 984 So.2d 382 (Ala.2007); however, in that case it was the insureds that argued that the trial court had improperly ordered the parties to submit to the appraisal process set forth in their insurance policy. When the trial court subsequently entered a judgment in accordance with its appointed umpire’s findings, the insureds appealed to this Court, arguing that the trial court had erred in ordering them to submit to the appraisal process because, they argued, the gravamen of their dispute was whether the alleged loss was a covered loss. 984 So.2d at 388. In reversing the trial court’s judgment, we stated:
“Having considered the holding of other jurisdictions regarding the scope of an appraiser’s rights and duties under an appraisal clause in an insurance policy, we conclude that the more persuasive authority is the authority holding that an appraiser’s duty is limited to determining the ‘amount of loss’ — the monetary value of the property damage — and that appraisers are not vested with the authority to decide questions of coverage and liability; we thus adopt that holding as our rule of law. Questions of coverage and liability should be decided only by the courts, not appraisers. This holding is consistent with the longstanding principle that ‘[t]he court must enforce the insurance policy as written if the terms are unambiguous.’
*457 Safeway Ins. Co. of Alabama v. Herrera, 912 So.2d 1140, 1143 (Ala.2005). We find no ambiguity in the term ‘the amount of loss’ as used in the appraisal clause in the Rogerses’ homeowner’s policy that would permit an appraisal to include questions of coverage and liability. Such a conclusion is also consistent with the principle that ‘[t]he contract shall be construed liberally in favor of the insured and strictly against the insurer.’ Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996).
“Therefore, we hold that the trial court erred in ordering the parties to submit to the appraisal process. Although the parties agreed as to the causation of the damage to the roof, they were not in agreement as to the cause of the damage to the brick veneer or to the foundation. The determination of the causation of these matters is within the exclusive purview of the courts, not the appraisers.”
984 So.2d at 392. Thus, Rogers supports the general argument madé by the petitioners in this case that disputes regarding the scope of insurance coverage should not be decided by appraisers or umpires in proceedings conducted pursuant to an appraisal clause in an insurance policy; rather, those proceedings should be used only to establish the amount of loss when both the insurer and the insured agree on what constitutes the covered loss.
However, in this case it is unnecessary to examine the alleged facts to determine whether the dispute is truly one of coverage or one of value because the petitioners have not established that they are entitled to mandamus relief. As we have stated before, mandamus is a drastic and extraordinary writ that will be issued only when, among other things, the petitioner has no other adequate remedy. Ex parte United Serv. Stations, 628 So.2d 501, 503 (Ala.1993). The petitioners have cited no authority and have made no argument establishing that mandamus relief is appropriate in this case, and, for all that appears, they may obtain relief, if they are ultimately entitled to it, via the normal appellate process — not unlike the appellants in Rogers, the case upon which the petitioners primarily rely. See also Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1137 (Ala.2003) (“The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy.”). For these reasons, I concur in the judgment to deny the petitioners’ petition for a writ of mandamus.