SALTER, J.
This is an appeal “arising out of’ the interpretation of the term “arising out of,” and other policy terms, in a homeowners and personal liability policy issued by the appellant (Insurer) to the appellees (the Insured). The trial court granted a final summary judgment in favor of the Insured, finding coverage for an unusual accident.[1] The trial court also denied the Insurer’s motion for summary judgment regarding three exclusions in the policy. We reverse, concluding that one of the exclusions was unambiguous and squarely applicable to the accident.[2]

The Undisputed Facts

The pertinent facts relate to an accident in Key West in May 2011. The Insured was walking a dog on a retractable leash on a side road. The dog belonged to a neighbor and friend of the Insured. The Insured stopped to speak to another friend (not the owner of the dog), when a person on a motor scooter (Claimant) came down the road on a path that took her between the Insured and the dog.
The Insured raised the retractable leash in the hopes that neither the Claimant nor the dog would be harmed, but the Claimant ran into the leash, fell from the scooter, and sustained significant injuries. When the Claimant and her husband asserted a claim against the Insured, the Insured notified the Insurer and demanded that the Insurer provide a defense. The Insurer defended them under a reservation of rights, and it brought a declaratory judgment action in the circuit court to establish that the accident was not covered under the policy.
*332 The trial court concluded that the exclusions did not apply, entering final summary declaratory judgments in favor of the Insured and Claimant, and against the Insurer. This appeal followed.

Analysis

The insurance policy was issued to the Insured where they maintain their primary residence — in Alabama. Although we would not reach a different result if we applied Florida law to the exclusion in question, we note that the coverage analysis is governed by the law of Alabama. Rando v. Gov’t Employees Ins. Co., 39 So.3d 244 (Fla.2010) (applying the rule of lex loci contractus). Our review of the summary judgment and the interpretation of the policy terms is de novo.
The insurance policy provided coverage for personal liability as to “those sums that the insured becomes legally obligated to pay as damages because of bodily injury,” and it also provided a right and duty to defend the Insured against a suit seeking such damages. That coverage was subject to enumerated exclusions, however. One such exclusion applied to “bodily injury or property damage arising out of the care or custody of animals not owned by an insured.” The Insured argued, and the trial court found, that:
The scenario in this case, in which the injured party appears to have driven a motor scooter in a manner so as to collide with a dog leash being held in the air the court finds that the dog had very little to do with this accident at all. It was merely the coincidental and legally remote source of a component, the leash, which was itself harmless until acted upon by [the Insured], holding it up in the air, and [the Claimant], driving into the leash.
Based on that assessment, the trial court concluded that the accident did not involve injury “arising out of’ the Insured’s care or custody of an animal she did not own. The Insured persuaded the trial court that “arising out of’ and “care or custody” were ambiguous, such that the ambiguities would be resolved against the Insurer and in favor of coverage.
Alabama law provides that ambiguity is an issue of law for the court to decide, that a policy term that is undefined in the policy is not necessarily or inherently ambiguous, and that an undefined term should be given the meaning a person of ordinary intelligence would reasonably give the term. Safeway Ins. Co. v. Herrera, 912 So.2d 1140 (Ala.2005). Alabama has determined that “arising out of,” as used in an insurance policy, is a term ordinarily understood to mean “originating from,” “having its origin in,” “flowing from,” “incident to,” or “having connection with,” the object or activity which follows it. See State Farm Fire & Cas. Co. v. Erwin, 393 So.2d 996, 998 (Ala.1981) (quoting Red Ball Motor Freight, Inc. v. Employers Mutual Ins. Co., 189 F.2d 374, 378 (5th Cir.1951)).
These meanings are reasonable and consistent. The term “arising out of,” as used in the exclusion (and applied to the facts), is not ambiguous under the cited cases or ordinary usage. The dog extended the leash. No dog, no accident.
Nor do we find any ambiguity in the term “care or custody” of the Insured’s neighbor’s dog. The dog was not in the care of someone other than the Insured at the moment of the accident. Putting the dog on a retractable leash demonstrated the Insured’s care for the animal and established custody. The undisputed facts place the accident within the exclusion.

Conclusion

We may rue the liability that has attended the Insured’s good deed in taking her *333 neighbor’s dog for a walk, but the exclusion addresses a risk that has been reduced to understandable words and phrases. The excluded risk obviously has some basis in the experience of humans, animals, and actuaries.
We reverse the final summary declaratory judgments in favor of the appellees and against the Insured. We remand the case for the entry of a declaratory final judgment in favor of the Insurer on the basis of the “care or custody of animals not owned by an insured” exclusion.

. The person injured in the accident (Claimant) and her husband also prevailed below and are appellees here.

. We have not addressed the two additional exclusions advanced by the Insurer. If applicable, those exclusions would only be cumulative.