[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14232

Non-Argument Calendar

_____

HENRY R. SEAWELL, III,
KATHRYN D. SEAWELL,

Plaintiffs-Appellants,

*versus*

COLONIAL LIFE & ACCIDENT INSURANCE
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

D.C. Docket No. 1:22-cv-00278-TFM-MU

———————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

This case involves an insurance coverage dispute based on a supplemental cancer insurance policy that Plaintiff-Appellants Henry Seawell III and Kathryn Seawell purchased from Defendant-Appellee Colonial Life and Accident Insurance Company (Colonial). The Seawells alleged that Colonial breached the terms of the policy by refusing to pay daily benefits for a prescription oral chemotherapy drug. The district court granted summary judgment to Colonial, finding the Seawells' proposed interpretation of the policy unsupported by its language. After careful review, we affirm.

**I.**

In 2002, the Seawells purchased a supplemental cancer insurance policy from Colonial.[1] The policy is intended to supplement traditional health insurance policies and cover additional costs of cancer treatment.

The parties contest the meaning of the part of the policy that provides a benefit for oral chemotherapy drugs. The provision reads: "Oral chemotherapy will be limited to the cost of the

---

[1] Neither party disputes the material facts in this case, which we construe in the light most favorable to the Seawells, as the nonmoving party. *See Dyer v. Lee*, 488 F.3d 876, 878 (11th Cir. 2007).

prescription for the day you have the prescription filled, up to the amount shown in the Schedule Page." The Schedule Page then shows:

| RADIATION /CHEMOTHERAPY | THE AMOUNT CHARGED UP TO $400/DAY; ORAL CHEMOTHERAPY LIMITED TO $1200/MONTH |
|---|---|

Kathryn was diagnosed with metastatic breast cancer in late 2016. She takes an oral chemotherapy drug called Ibrance once daily for twenty-one days, followed by seven days off. She usually fills her prescription once every twenty-eight days and receives a twenty-one-day supply.

Each month, the retail price for Kathryn's Ibrance exceeds $10,000. The Seawells' health insurance covers most of the cost—her copay for a monthly prescription is typically no more than $10. Kathryn submits a claim to Colonial each time she fills her prescription, typically once but sometimes twice per month, depending on where the twenty-eight-day cycle falls. Colonial has reimbursed the Seawells $400 each time Kathryn fills her prescription since her claim was first approved in 2016.

The Seawells contend that Colonial breached the terms of the policy by only reimbursing them $400 or $800 a month. They interpret the "cost of the prescription for the day you have the prescription filled" to mean that the policy covers the cost of each daily dose of a "multi-day prescription."

Based on this interpretation, the Seawells sued Colonial for breach of contract, maintaining that they are "entitled to the entire

$1,200 monthly benefit" because Colonial must reimburse them for "the per-day cost of a multi-day prescription" up to the $1,200 maximum.

The district court granted Colonial's motion for summary judgment, finding the policy's language unambiguously covers only the cost of the prescription on the day the prescription is filled. The Seawells timely appealed.[2]

## II.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The interpretation of an insurance contract is a "pure question of law," which we review de novo. *State Farm Mut. Auto. Ins. Co. v. Spangler*, 64 F.4th 1173, 1178 (11th Cir. 2023).

## III.

In this diversity action, Alabama's substantive law governs the interpretation of the insurance contract. *See Emps. Mut. Cas. Co.*

---

[2] The Seawells also moved for class certification, which the district court denied as moot after it ruled on the summary judgment motion and reviewed supplemental briefing. The Seawells do not appeal the class certification decision.

*v. Mallard*, 309 F.3d 1305, 1307 (11th Cir. 2002) (per curiam). "Under Alabama law, insurance contracts are subject to the same rules of interpretation as any other contract." *Snell v. United Specialty Ins. Co.*, 102 F.4th 1208, 1216 (11th Cir. 2024).

"Alabama courts enforce the insurance policy as written if the terms are unambiguous." *Robinson v. Liberty Mut. Ins. Co.*, 958 F.3d 1137, 1140 (11th Cir. 2020) (internal quotation marks omitted). "When analyzing an insurance policy, a court gives words used in the policy their common, everyday meaning and interprets them as a reasonable person in the insured's position would have understood them." *St. Paul Fire & Marine Ins. Co. v. Britt*, 203 So. 3d 804, 811 (Ala. 2016) (quotation marks omitted). Courts may look to a contested term's dictionary definition to supply the "interpretation that ordinary people would give the word." *Robinson*, 958 F.3d at 1140 (quoting *Carpet Installation & Supplies of Glenco v. Alfa Mut. Ins. Co.*, 628 So. 2d 560, 562 (Ala. 1993)). But the court "must examine more than an isolated sentence or term," and "read each phrase in the context of all other provisions." *Jay v. United Servs. Auto. Ass'n*, 343 So. 3d 18, 21 (Ala. 2021) (quotation marks omitted).

"To the extent the language of an insurance policy provision is ambiguous, all ambiguities must be resolved against the insurance company." *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005). "A term is ambiguous only if, applying the ordinary meaning, one would conclude that the provision containing the term is reasonably susceptible to two or more constructions." *Id.* at 1144 (internal quotation marks omitted). "The fact that the

parties interpret the insurance policy differently does not make the insurance policy ambiguous." *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 692 (Ala. 2001). And parties may not insert ambiguities where none exist using "strained or twisted reasoning." *Jay*, 343 So. 3d at 21 (quotation marks omitted).

Like the district court, we sympathize with Kathryn's cancer battle, but we find no ambiguity in the policy's language.[3] The clause limiting oral chemotherapy benefits "to the cost of the prescription for the day you have the prescription filled" up to $400 per day and $1,200 per month is not "reasonably susceptible to two or more constructions." *See Safeway Ins. Co.*, 912 So. 2d at 1143 (quotation marks omitted). Rather, as the district court observed, a reasonably prudent person would read this clause to require Colonial to pay a benefit "for the day the prescription is *filled*, not for each day the prescription is *taken*."

The ordinary meaning of "prescription" is a "written or explicit direction,"[4] which provides instructions for "the preparation and use of a medicine."[5] The Seawells' collection of definitions

---

[3] Because we find no ambiguity, we do not reach the Seawells' contra preferendum arguments. *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 692 (Ala. 2001) ("If an insurance policy is clear and unambiguous in its terms, then there is no question of interpretation or construction.").

[4] *Prescription*, Oxford English Dictionary (March 2025), https://doi.org/10.1093/OED/6325338526.

[5] *Prescription*, Merriam-Webster's Collegiate Dictionary, https://perma.cc/F2S5-QCUA.

24-14232               Opinion of the Court                    7

from dictionaries and various AI services all refer to a prescription similarly—a written order from a medical professional that authorizes a pharmacy to issue a medication to a patient at a specific dose and quantity. Their definitions do not support the "strained or twisted reasoning," *Jay*, 343 So. 3d at 21, that because the "prescription" provides instructions for the medicine's quantity and dosage, it somehow also refers to each dose of medicine that a pharmacy prepares according to the prescription.

Even if "prescription" *could* mean just one dose of prescribed medicine as an "isolated" term, the clause, when read as a whole, forecloses this reading. *See id.* at 21. The clause limits benefits to "the cost of the prescription for *the day* you have *the* prescription *filled*." And rules of "grammar and usage establish that 'the' is 'a function word indicating that a following noun or noun equivalent is definite or has been previously specified by context." *Nielsen v. Preap*, 586 U.S. 392, 408 (2019) (citation modified) (quoting Merriam-Webster's Collegiate Dictionary 1294 (11th ed. 2005)). The phrase *"the day* you have *the* prescription *filled"* unambiguously refers to *the* day, or "discrete moment," where the pharmacy follows the prescription's written instructions to prepare and issue the prescribed medication. *Cf. Niz-Chavez v. Garland*, 593 U.S. 155, 166 (2021).

The Schedule Page's daily and monthly maximums further suggest that if *"the* prescription" needs to be filled more than once a month, Colonial will cover the cost for each day the pharmacy fills and issues the prescribed quantity of medicine, up to the $1,200

monthly limit (as Colonial has when Kathryn filled two twenty-eight-day prescriptions in the same month). It does not, as the Seawells claim, indicate that policyholders may claim "multi-day" benefits on a singular day because the prescription calls for the medicine to be taken by the patient over multiple days.

## IV.

Because the policy unambiguously requires Colonial to reimburse the Seawells for the cost of Kathryn's prescription, up to $400, on the day she has the prescription filled, and Colonial has done so, we find that Colonial did not breach the terms of its policy. The district court's judgment is **AFFIRMED.**